UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
ALEC J. MEGIBOW, M.D., as assignee of
Jennie Rosario, a/k/a Jenny Rosario,
08 CV 519 NDNY,                                    09 CIV 6993

                        Plaintiff(s),

                                                   **NOTICE OF REMOVAL**

            -against-

FRED HAGEN, Chief Benefits Officer,
1199SEIU BENEFIT & PENSION FUNDS,
as duly authorized designee of the
BOARD OF TRUSTEES OF THE 1199SEIU          Removed from Supreme Court
BENEFIT FUND FOR HEALTH AND                of the State of New York,
HUMAN SERVICE EMPLOYEES,                   New York County,
                                           Index No. 106627/09
                        Defendant(s).
---------------------------------------------------------------------X

PLEASE TAKE NOTICE that pursuant to 28 USC §§ 1441 and 1446, Defendant

1199SEIU National Benefit Fund for Health & Human Service Employees

("Fund")(misnamed "Fred Hagen, Chief Benefits Officer, 1199SEIU Benefit & Pension

Funds, as duly authorized designee of the Board of Trustees of the 1199SEIU Benefit Fund

for Health & Human Service Employees") hereby removes the above captioned civil action,

and all claims and causes of action therein, from the Supreme Court of the State of New York,

County of New York, to the United States District Court for the Southern District of New

York.  In support of its notice and grounds for removal, the Fund states as follows:

     1.    On July 14, 2009, the Fund was served with a Complaint attached as Exhibit A,

         styled *Alec J. Megibow, MD, a/a/o Jennie Rosario a/k/a Jenny Rosario v. Fred*

         *Hagen, Chief Benefits Officer, 1199SEIU Benefit & Pension Funds, as duly*

         *authorized designee of the Board of Trustees of the 1199SEIU Benefit Fund for*

         *Health & Human Service Employees*, Index No. 106627/09, in the Supreme Court

         of the State of New York, County of New York, asserting a claim against the Fund

         arising out of the Fund's alleged breach of agreement and failure to pay claims for

         healthcare benefits incurred in or around July of 2007, totaling $120,000.00.

     2.    This Notice of Removal is timely filed under 28 USC § 1446(b), which provides

         that a notice of removal must be filed within 30 days thereafter.

3.  Pursuant to 28 U.S.C. § 1446(b), written notice of the filing of this Notice of Removal will be provided to Plaintiff, and a copy of this notice will be filed in the appropriate state court.

4.  The Fund is a trust fund and employee welfare benefit plan, with its principal place of business located at 330 West 42nd Street, New York, New York, 10036.

5.  Plaintiff's complaint seeking to compel benefit payments from the Fund to Plaintiff, a provider purporting to be an assignee of a Fund beneficiary, for medical treatment he provided to the beneficiary.

6.  This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1441 in that all or part of the relief being sought by Plaintiff(s) in the Complaint arises under the laws of the United States, including without limitation 29 U.S.C. § 1001 et seq..

7.  Plaintiff(s) putative state law claims and their entitlement to the requested relief necessarily depends on the construction and application of federal law, and thus raise substantial federal questions, for at least (but not limited to) the following reason: The Fund is a multiemployer employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq. The Plaintiff's claim concerns a separate and independent claim under Section 502(a)(1)(B) of ERISA (or in the alternative, under ERISA §502(a)(3)) for a determination that the Plaintiff, as assignee of a beneficiary, is entitled to benefits under an ERISA plan.

8.  Adjudication of Plaintiff's claims for relief necessarily depend on interpretation of the terms of the Fund's plan of benefits and a review of the Fund's determination of (a) benefit claim(s) under ERISA; Plaintiff is limited to relief under ERISA.

9.  Removal to the United States District Court for the Southern District of New York is proper 28 U.S.C. § 1441(a), for the foregoing reasons, and as this is the federal district court for the district division embracing the place where the state court suit is pending.

10. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. § 1441(c) because it concerns a federal question under 28 U.S.C. § 1331.

11. By filing this Notice of Removal, the Fund does not waive any defenses, including without limitation, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defense.

Dated: July 28, 2009

Respectfully Submitted,

1199SEIU National Benefit Fund

By: *Suzanne A Metzger*
Suzanne A. Metzger
Assistant General Counsel
Legal Department
330 West 42nd Street, 31st Floor
New York, NY 10036
(646) 473-6041 (phone)
(646) 473-6049 (facsimile)

To:
Anthony M. Bentley
A.M. Bentley, P.C.
116 West 72nd Street
New York, NY 10023
Attorneys for Plaintiff

**A**

*PLAINTIFF DEMANDS JURY TRIAL*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:

-------------------------------------------------------X

ALEC J. MEGIBOW, M.D., as assignee of
Jennie Rosario, a/k/a Jenny Rosario,
08 CV 519 NDNY,

      plaintiff,

  -against-

          INDEX NO.
         **106627/09**

Fred Hagen, Chief Benefits Officer,
1199SEIU BENEFIT & PENSION FUNDS,
**as duly authorized designee of the**
**Board of Trustees of the 1199SEIU**
**Benefit Fund for Health and Human**
**Service Employees,**
      **defendant.**

-------------------------------------------------------X

# COMPLAINT

   Plaintiff Alec J. Megibow, M.D., complaining of the defendants, by his undersigned counsel, alleges upon information and belief, as follows:

## *PARTIES*

  1. Jennie Rosario ("Rosario"), plaintiff's assignor, and defendant ("1199") are parties to an agreement ("A")("Agreement") settling two prior actions venued in the Northern District of New York ("B") and ("C").

1

## *PROCEDURAL HISTORY*

2.  Defendant herein prior moved ("D") to dismiss "the Complaint" in this case bereft of a complaint's existence, and, upon plaintiff's opposition to the motion ("E"), wrote a letter to the Court "to withdraw" the motion ("D").

## *FACTUAL ALLEGATIONS*

3.  In June of 2007 Rosario was informed by her pharmacy that payment for a renewal of prescription drugs had been declined by her 1199 Union health plan due to "benefits suspended."

4.  To date, Rosario has not been informed which of the affiliated 1199 alter egos, if any "suspended" her benefits.

5.  Rosario was not notified of such suspension directly by defendant, or by any of its alter ego affiliates at such time or near such time.

6.  Thereafter in July of 2007, and continuing, Rosario required substantial and documented medical treatment and care.

## *ENTER PLAINTIFF*

7.  Thus apparently bereft of medical insurance, but seriously ill, Rosario arranged with plaintiff to advance the funds necessary to obtain her medical treatment , in return for an assignment in plaintiff's favor of some of her rights to medical and other benefits from 1199 and its various alter egos (however described, as contemplated, in part, by ¶ 3 of the Agreement).

2



8.    Rosario has complied with her obligations under the ~~agreement (e.g., payment to 1199 [check "F"])~~(funds advanced by plaintiff through counsel).

9.    1199 has not complied with its obligations under the agreement, although demanded, including, *inter alia,* being in continuing breach of ¶¶ 2 and 9 thereof.

10.    Rosario has become indebted to plaintiff for funds advanced for her medical treatment.

### CAUSE OF ACTION

11.    Plaintiff sues defendant herein as Rosario's assignee for defendant's continuing breach of the agreement with Rosario, the foreseeable consequences of which caused Rosario to be indebted to plaintiff, and which indebtedness secured plaintiff's assignment of Rosario's rights herein sued upon.

12.    Plaintiff has advanced funds for the necessary medical treatment and care of Rosario during the "suspension" of her benefits by 1199 in an amount not less than $120,000.00.

**WHEREFORE** it is respectfully requested that an **ORDER:**

1.    Declaring

    a.    that defendant is in breach of its agreement with plaintiff's assignor;

3

      b.  that defendant is an alter ego of multiple related entities containing the style "1199"; and,

2.  granting judgment in favor of plaintiff and against defendant in the amount of $120,000.00, together with such costs and attorneys fees as may be determined; and,

3.  for such other and further relief as to this Court may seem just and proper,

should be granted.

Executed:
New York  NY
July 12, 2009

Anthony M. Bentley
A. M. Bentley, P.C.
Plaintiff's Counsel
116 West 72nd Street
New York  NY  10023-3315
(212) 459-4067

To:

Suzanne A. Metzger, Esq.
Asst. General  Counsel, Legal Department
1199SEIU Funds
330 West 42nd Street, 31st Flr
New York, NY 10036