IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
ALEC J. MEGIBOW, M.D., **as assignee of Jennie Rosario, a/k/a Jenny Rosario, 08 CV 519 NDNY,**

                Plaintiff,

                v.

Fred Hagen, Chief Benefits Officer,

1199SEIU BENEFIT & PENSION FUNDS, **as duly authorized designee of the Board of Trustees of the 1199SEIU Benefit Fund for Health and Human Service Employees,**

                Defendant.
-------------------------------------------------------------X

ECF CASE

CASE NO. 09 CV 6993
(AKH)(RLE)

NY COUNTY
CLERK INDEX
NO. 106627/09


**PLAINTIFF'S MEMORANDUM
OF LAW PURSUANT TO LOCAL RULE
7.1**


**I.**

**THIS CASE SHOULD BE REMANDED
AS UNTIMELY REMOVED**

    A notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial document setting forth the claim for relief upon which such action or proceeding is based. *Title 28 United States Code § 1446(b).*

1

On June 1, 2009 defendant moved in Supreme Court, NY County, to dismiss this action upon the ground (inter alia) that "it is [sic] claim for benefits from an ERISA employee benefit plan, is preempted by ERISA, and this Court does not have subject matter jurisdiction. *(Declaration, Ex. 1, excerpted from Ex. D to the Complaint.)*

The removal document itself demonstrates that defendant's case is based principally on ERISA, which is the basis of the removal.

Defendant is on record as having stated this position on June 1, 2009; defendant filed the removal document in this Court on August 7, 2009, over two months after publishing the June 1 dismissal motion document.

The removal is patently, and frivolously untimely.

The action should be remanded to Supreme Court, NY County.

## II.

### SHOULD REMAND BE DENIED, THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF NEW YORK

In the event that the Court in its discretion elects to deny remand, it is respectfully requested that an order issue transferring venue hereof to the Northern District of New York, the provenance of the dispute (see caption of this case) the *settlement* of which resulted in the agreement, the *breach* of which is the subject of this action. *(Complaint's Exhibit "A" pages 1-12)* (the Complaint below is annexed as [also] Exhibit "A" to the removal document).

That agreement (*ex* Northern District), drafted admittedly by present counsel to defendant, suggests in detail, the intimate early knowledge of the premises upon which this case was irresponsibly removed. The agreement was concluded, and "signed off" by defendant herein, in August of 2008, effective September 2008.

It is therefore requested that absent an order directing summary remand, an alternative order issue transferring venue hereof pursuant to Title 28 United States Code § 1404(a) to the District Court of the Northern District of New York, where plaintiff maintains a residence, and defendant transacts business, and where the gravamen of this case was prior litigated. (The case number of *that* proceeding was included in the caption hereof in anticipation of this removal event).

### III.

### ATTORNEYS FEES SHOULD BE AWARDED TO PLAINTIFF

Because the removal is patently untimely, known by defendant to be untimely when made, and fully capable of having been lodged in a timely fashion on or before June 1, 2009, sanctions for attorneys fees to compensate plaintiff for the lawyer time expended and charge in the defense of removal under 28 U.S.C. § 1927, and/or under the court's companion "inherent powers," are respectfully requested to be ordered only *__provided__*: defendant's response to this remand motion does not include his immediate consent to remand.

Dated:
New York NY
August 16, 2009

Respectfully submitted,

/s/Anthony M. Bentley
Anthony M. Bentley   #AB1853
A. M. Bentley, P.C.
Plaintiff's Counsel
116 West 72nd Street
New York  NY  10023-3315
212 459-4067  Fax  877-2868
*eMail: ambentley@nyc.rr.com*