## IN THE
## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ALEC J. MEGIBOW, M.D., **as assignee of**
**Jennie Rosario, a/k/a Jenny Rosario,**
**08 CV 519 NDNY,**

                        Plaintiff,

                         v.

Fred Hagen, Chief Benefits Officer,

**1199SEIU BENEFIT & PENSION FUNDS,**
**as duly authorized designee of the**
**Board of Trustees of the 1199SEIU**
**Benefit Fund for Health and Human**
**Service Employees,**
                        Defendant.

ECF CASE

CASE NO. **09 CV 6993**
(AKH)(RLE)

NY COUNTY
CLERK INDEX
NO. **106627/09**

---------------------------------------------------------------X

# DECLARATION

ANTHONY M. BENTLEY declares pursuant to 28 U.S.C. § 1746 as follows:

    1. I am plaintiff's counsel herein, a member of the bar of this Court, am fully familiar with the facts and proceedings in this case and I submit this affirmation in support of plaintiff's motion to remand this cause, for attorneys fees, or, in the alternative (if remand be denied), to transfer venue to the Northern District of New York.

2. According to the United States Code, the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial document setting forth the claim for relief upon which such action or proceeding is based.

3. On June 1, 2009 defendant moved in Supreme Court, NY County, to dismiss this action upon the grounds (*inter alia*) that "it is [sic] claim for benefits from an ERISA employee benefit plan, is preempted by ERISA, and this Court does not have subject matter jurisdiction." (Ex. 1, hereto, ***excerpted*** from Ex. D to the complaint.)

4. The removal document demonstrates that defendant's *case* is based principally on ERISA, which is the *basis* of the removal.

5. Defendant is on record as having stated this position at least as early as June 1, 2009; defendant filed the removal document in this Court on August 7, 2009, over two months after publishing the June 1 dismissal motion document.

6. The removal is patently **untimely**.

7. Plaintiff respectfully requests that an order of remand issue forthwith.

8. Plaintiff's counsel has expended in excess of eleven hours thus far in the preparation for the defense of this motion.

9.  Plaintiff further requests an award of attorneys fees expended by plaintiff in the defense of this documentarily untimely removal.

10.  In the event that the Court in its unreviewable discretion elects to deny remand, it is respectfully requested that an order issue transferring venue hereof to the Northern District of New York, the provenance of the dispute (see caption of this case) the *settlement* of which resulted in the agreement,  the *breach* of which is the subject of this action.

Dated:
New York  NY
August 16,  2009

Respectfully submitted,

/s/Anthony M. Bentley
Anthony M. Bentley    #AB1853
A. M. Bentley, P.C.
Plaintiff's Counsel
116 West 72nd Street
New York  NY  10023-3315
212 459-4067  Fax  877-2868



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

ALEC J. MEGIBOW, M.D. as assignee of Jennie Rosario,          Index No. 106627/09
a/k/a Jenny Rosario,

             Plaintiff(s),          NOTICE OF MOTION

       -against-

FRED HAGEN, Chief Benefits Officer,
1199SEIU BENEFIT & PENSION FUNDS,
as duly authorized designee of the BOARD OF TRUSTEES OF THE
1199SEIU BENEFIT FUND FOR HEALTH AND HUMAN SERVICE EMPLOYEES

             Defendant(s).
------------------------------------------------------------X

     PLEASE TAKE NOTICE, that upon the annexed Memorandum of Law and the affidavit
of Jennifer Pagan, sworn to on June 1, 2009, the undersigned, counsel for Defendant 1199SEIU
National Benefit Fund ("Fund"), shall move before this Court at the courthouse located at 60
Centre St., NY, NY 10007, Rm 130 on the 25th day of June, 2009, at 9:30 a.m., or as soon
thereafter as counsel may be heard, for an order pursuant to CPLR 3211 dismissing this action
against the Fund, or in the alternative, pursuant to CPLR 3212, for an order granting summary
judgment in favor of the Fund.

Dated:     New York, New York
          June 1, 2009

                     1199SEIU National Benefit Fund

                     By:

                     _Suzanne A. Metzger_
                     Suzanne A. Metzger
                     Asst. General Counsel, Legal Department
                     330 West 42nd Street, 31st Floor
                     New York, NY 10036
                     p. (646) 473-6041
                     f. (646) 473-6049
                     Attorney for Defendant

To:    A. M. Bentley, P.C.
      116 West 72nd Street
      New York, NY 10023
      Attorney for Plaintiff

**EXCERPT
from
EX. D, Complaint**

**EXCERPT
from
EX. D, Complaint**

no standing to sue the Fund because there is no assignment of benefits and because Fred Hagen
cannot be sued personally; ii) Plaintiff failed to state a claim based on the fact that there was
nothing plead and the claim iii) it is a claim for money against a trust fund, and so is a claim at
equity and this Court does not have jurisdiction; iv) it is claim for benefits from an ERISA
employee welfare benefit plan is pre-empted by ERISA, and this Court does not have subject
matter jurisdiction; iv) Plaintiff failed to exhaust his administrative remedies as required by the
terms of the Plan and the Department of Labor regulations.

### Relevant Facts and Procedural History

     The Fund is a multi-employer trust fund established in accordance with Section 186(c) of
the Labor Management Relations Act of 1947, an "employee welfare benefit plan" as that term is
defined in Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001 et seq.
("ERISA") and a Voluntary Employee Beneficiary Association, as that term is defined in
Section 501(c)(9) of the Internal Revenue Code (See form 5500 attached to Pagan Aff. As
Exhibit "B") (Pagan Aff. ¶ 3).

     As a multi-employer trust, the Fund is entirely financed with contributions from
contributing employers pursuant to various collective bargaining agreements with 1199SEIU
United Health Care Workers East, a labor union for health and human service employees. (Pagan
Aff. ¶ 4). The Fund is self-funded and administered by a Board of Trustees consisting of
representatives of both labor and management for the purpose of providing health care and
welfare benefits to covered employees and their dependents in accordance with a written
summary plan description ("SPD"). (Pagan Aff. ¶ 5). The policy choices of each fund are set
forth, pursuant to ERISA's notice and disclosure requirements, in laymen's terms in the SPD,
which is distributed to all participants upon enrollment in the respective fund. (Pagan Aff. ¶ 6).

2