UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALEC J. MEGIBOW, M.D., as assignee of
Jennie Rosario, a/k/a Jenny Rosario,
08 CV 519 NDNY,                                        No. 09 CIV 6993 (AKH)(RLE)

                        Plaintiff(s),


                -against-


FRED HAGEN, Chief Benefits Officer,
1199SEIU BENEFIT & PENSION FUNDS,
as duly authorized designee of the
BOARD OF TRUSTEES OF THE 1199SEIU          Removed from Supreme Court
BENEFIT FUND FOR HEALTH AND                of the State of New York,
HUMAN SERVICE EMPLOYEES,                   New York County,
                                           Index No. 106627/09
                        Defendant(s).
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND OR TRANSFER VENUE

## TABLE OF CONTENTS

Table of Contents.................................................................................  i

Preliminary Statement..........................................................................  1

Procedural Background.........................................................................  2

Argument.............................................................................................  4

        POINT I —Plaintiff's Motion for Remand, based Soley on Allegedly Untimely Removal, Should be Denied Because the Fund's Removal of the Complaint Was Timely ...........................................................................................  4

        POINT II —Plaintiff's Request to Transfer This Instant Action to the Northern District of New York Is Baseless and Should Be Denied ..........................  8

        POINT III— Plaintiff's Request for Attorney's Fees Should Be Denied..........  9

Conclusion...........................................................................................  10

Exhibits:

        **Exhibit A**......................Plaintiff's Summons with Notice (filed in NYS Supreme Ct.)

        **Exhibit B**................................…......Plaintiff's Affirmation (filed in NYS Supreme Ct.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ALEC J. MEGIBOW, M.D., as assignee of
Jennie Rosario, a/k/a Jenny Rosario,
08 CV 519 NDNY,                                     No. 09 CIV 6993 (AKH)(RLE)

                               Plaintiff(s),


                  -against-


FRED HAGEN, Chief Benefits Officer,
1199SEIU BENEFIT & PENSION FUNDS,
as duly authorized designee of the
BOARD OF TRUSTEES OF THE 1199SEIU          Removed from Supreme Court
BENEFIT FUND FOR HEALTH AND                of the State of New York,
HUMAN SERVICE EMPLOYEES,                   New York County,
                                           Index No. 106627/09
                               Defendant(s).
-----------------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND OR TRANSFER VENUE

### Preliminary Statement

Defendant 1199SEIU National Benefit Fund for Health & Human Service Employees

("Fund") (misnamed "Fred Hagen, Chief Benefits Officer, 1199SEIU Benefit & Pension

Funds, as duly authorized designee of the Board of Trustees of the 1199SEIU Benefit Fund

for Health & Human Service Employees"), by its undersigned counsel, submits this

memorandum of law in support of the Fund's Opposition to Plaintiff's Motion to Remand his

Complaint, or in the alternative, to transfer the case to the Northern District of New York, and

in Opposition to Plaintiff's Request for Attorney's Fees.

Due to Plaintiff's Complaint, there is now no dispute that Plaintiff's action is a claim

for benefits against an ERISA plan and that Plaintiff, a physician, bases his standing on an

assignment of benefits conferred by an ERISA plan. Therefore Plaintiff's claims are

13034-3

completely preempted and subject to removal.  These facts were not clear from the Plaintiff's

Summons alone, which was served in May 2009 without a complaint, and to which Plaintiff

submitted a served and filed a sworn statement that the Summons was not a pleading.   Notice

of Removal was timely filed, after Plaintiff composed and served his Complaint in July 2009.

Therefore, Plaintiff's motion for remand is frivolous.  Plaintiff's complaint was filed in

Supreme Court New York County.  Therefore, proper venue is in the Southern District of

New York.

### **Procedural Background**

Sometime in 2007, following her termination from employment at Continuum Health

Partners hospital, Plaintiff-assignor brought a complaint in federal court against her employer

and her union, 1199SEIU United Health Care Workers East, which included various

employment claims and labor-related claims, and also alleged she was not timely notified by

her Union of her right to elect continued healthcare coverage under the Consolidated Omnibus

Budget Reconciliation Act ("COBRA")(rather than a claim against her employer, for failing

to timely provide the notice of her qualifying event).  Sometime in 2008, Plaintiff, a former

beneficiary of the Fund, having decided she should also sue the Fund based on the COBRA

notice claim, started a new federal action against the same parties, based on the same claims,

but added the Fund as a defendant (upon information and belief, it was too late for Plaintiff to

add the Fund as a defendant to the original complaint).  Both termination cases were resolved

with a global settlement agreement, executed by all the parties in or around 2008, whereby

Plaintiff-assignor dropped all of her employment claims in exchange for the right to elect

COBRA retroactively.  The Fund provided her with a second COBRA election notice, and she

successfully purchased COBRA coverage.

In or around May of 2009, Plaintiff served the Fund with a Summons with Notice for a breach of agreement claim, seeking money damages, styled *Alec J. Megibow, MD, a/a/o Jennie Rosario a/k/a Jenny Rosario v. Fred Hagen, Chief Benefits Officer, 1199SEIU Benefit & Pension Funds, as duly authorized designee of the Board of Trustees of the 1199SEIU Benefit Fund for Health & Human Service Employees*, Index No. 106627/09, in the Supreme Court of the State of New York, County of New York, (attached as Exhibit "A"). The Fund could not determine from that Summons what Plaintiff was trying to allege: The Summons claimed breach of agreement, and attached the last page of afore-mentioned settlement agreement, which was subject to state court laws and jurisdiction. However, according to the Fund's records, Plaintiff-assignor had COBRA coverage during her COBRA-eligible window. Furthermore, the Plaintiff-assignee appeared to be a medical provider, and an assignee of the Fund's former beneficiary. The summons also claimed an inscrutable amount of money damages. The Summons alleged no facts, and was not removable. Plaintiff did not impart to the Fund of the nature of the claim or the facts giving rise to the claim.

The Fund thereafter sought to move to dismiss the action, based on the relationship of the parties and the facts it had before it, but Plaintiff objected, on the basis that the Summons with Notice was not a pleading, so there was nothing to dismiss. The Fund withdrew the motion before it was ever heard, and instead, filed a notice of appearance and demand for a complaint. On July 14, 2009, the Fund was served with a Complaint in the above-described action, asserting a claim against the Fund arising out of the Fund's alleged breach of agreement based on the Fund's alleged failure to pay for healthcare benefits under the Fund's plan of benefits, *and* failure to pay claims for healthcare benefits incurred in or around July of 2007, totaling $120,000.00. Plaintiff received the Fund's Notice of Removal on July 30, 2009. The Fund filed the Notice of Removal on August 7, 2009, and hand-delivered a second copy to Plaintiff on August 11, 2009.

13034-3

3

## Argument

## POINT I

## PLAINTIFF'S MOTION FOR REMAND, BASED SOLEY ON ALLEGEDLY UNTIMELY REMOVAL, SHOULD BE DENIED BECAUSE THE FUND'S REMOVAL OF THE COMPLAINT WAS TIMELY

Plaintiff's motion for remand, which is based solely on the Fund's allegedly untimely removal, should be denied because Plaintiff's complaint is completely preempted and the Fund's removal of the complaint was timely. The Fund's removal of Plaintiff's Complaint was timely because the Fund filed the notice of removal within 30 days of receipt of Plaintiff's Complaint, which was the first document from which the Fund could reasonably ascertain the removability of the action, and which, according to Plaintiff, was the initial pleading setting forth the claim for relief. When Plaintiff served the Fund with a Summons, the Complaint did not exist (See copy of Plaintiff's Summons, attached hereto as Exhibit A.) Plaintiff's Summons was not removable. Plaintiff, through counsel, wrote and executed his Complaint on July 12, 2009, and filed it sometime thereafter. The Fund received a copy of Plaintiff's Complaint on July 14, 2009. Plaintiff received the Fund's Notice of Removal on July 30, 2009. The Fund filed the Notice of Removal on August 7, 2009, and hand-delivered a second copy to Plaintiff on August 11, 2009. It is undisputed that Plaintiff's Complaint is completely preempted by ERISA, because Plaintiff's only remedy for an alleged failure to pay benefit claims is under ERISA §502(a)(1)(b). Therefore, Plaintiff's Complaint should not be remanded.

**A. Plaintiff's Summons with Notice Should Not Be Considered Plaintiff's Initial Pleading for Purposes of 28 U.S.C. §1446(b)**

13034-3

4

The crux of Plaintiff's motion, although not stated explicitly, is that his Initial Pleading for purposes of 28 U.S.C. 1446(b) was service of his Summons rather than service of his Complaint.  Not only is this argument legally incorrect, it is also contrary to the position that Plaintiff previously argued in state court pleadings.. (See copy of Plaintiff's affirmation, attached hereto as Exhibit B).  Plaintiff's counsel filed an affirmation in response to the Fund's withdrawn Motion to Dismiss, which the Fund filed in response to the Summons but withdrew before it went before the state court.  Plaintiff, in his response affidavit, argued that the Fund's Motion was premature because no complaint was made, and swore to the following statements:

- The "defendant's motion [to dismiss] is equally premature, and should also be denied, as it is addressed to a **non-existent pleading**" (¶ 9).
- "Indeed, **no "pleadings" have been served or filed** in this case (¶ 10)
- " '...**a summons with notice is not a pleading**'" (¶ 13, citing NGH Assoc. v. United Parcel, 17 Misc.3d 746, Sup. Ct. Nassau Cty 2007).
- " 'CPLR §3011 sets forth the types of pleadings permitted in New York practice. (Weinstein-Korn-Miller, NY Civ Prac ¶3011.00). Pleadings include a complaint, an answer, and a reply. Id.)'" (¶ 13).

(See Plaintiff's affirmation, attached hereto as Exhibit "B," *emphasis added*.)

The Fund withdrew it's before it was heard, as the Fund recognized the procedural defect in so moving, or removing, without the existence of a complaint or sufficient statement of a claim.  The Fund, now understanding that Plaintiff would be willing to provide a complaint, agreed with Plaintiff that in the interest of judicial economy, it should wait for Plaintiff's Complaint.  Plaintiff himself argued that the only possible response to the Summons with Notice, under procedural rules, is a Notice of Appearance and a Demand for the Complaint; without the complaint, there was nothing to dismiss or remove.  More importantly, Plaintiff argued that his own Summons with Notice was not a pleading, so he cannot now argue that it was in fact a pleading for purposes of starting the clock on the Fund's time to remove.

**B. Plaintiff's Complaint was the First Pleading or Other Document From Which the Fund Could Reasonably Ascertain that Plaintiff's Claims Were or Had Become Removable**

Plaintiff's Summons was not removable. Plaintiff's Summons stated simply a "breach of agreement," for which he sought "money damages." An action seeking money damages for a breach of an agreement poses no federal question. At the time Plaintiff served his summons, the Complaint did not exist. Accordingly, Plaintiff had the freedom of crafting a Complaint which plead a potentially cognizable state court cause of action, depending on what facts he alleged. As mentioned above, Plaintiff-assignor was party to an agreement among herself, her employer, her union, and the Fund, resolving her termination case, whereby the Fund agreed to provide COBRA coverage. Upon receiving Plaintiff's Summons, the Fund tried to ascertain the nature of Plaintiff's claims, but Plaintiff frustrated the Fund's efforts by refusing to disclose any information about the cause of action or the alleged facts or events giving rise to the Plaintiff's action. On May 13, 2009, upon receiving Plaintiff's Summons, the Fund emailed Plaintiff's counsel three requests designed to ascertain the nature of Plaintiff's dispute and complaint, to no avail. (See copy of electronic correspondence, attached hereto as Exhibit "C"). Because Plaintiff was a doctor-assignee, the Fund asked Plaintiff whether the Plaintiff-assignee was having trouble getting claims paid, and Plaintiff never responded.

The first time the Fund could ascertain with reasonable certainty that Plaintiff was actually making an ERISA § 502(a)(1)(b) claim for benefits under the terms of the Fund's ERISA plan was upon the Fund's receipt of Plaintiff's Complaint, on July 14, 2009. On July 14, 2009, the Fund was served with a Complaint in the above-described action, asserting a claim against the Fund arising out of the Fund's alleged breach of agreement based on the Fund's alleged failure to pay for healthcare benefits under the Fund's plan of benefits (which is outside the purview of the 2008 agreement), *and* failure to pay claims for healthcare benefits incurred in

13034-3

6

or around July of 2007, totaling $120,000.00. It is still unclear for which claims for benefits which Fund determinations on claims for benefits under the Fund's ERISA plan Plaintiff is challenging and why.

### C. Defendant's Withdrawn Motion to Dismiss in State Court Did Not Convert Plaintiff's Summons to an ERISA Cause of Action

Plaintiff now tries to claim that irrespective of the fact that Plaintiff's Summons only gave a notice of a breach of agreement claim, and irrespective of the fact that Plaintiff had previously argued Plaintiff's Summons was not a pleading in response to the Fund's withdrawn motion, and irrespective of the fact that the Plaintiff refused to clue the Fund in on what the problem was, the Defendant Fund knew Plaintiff's claim was really an ERISA claim, as demonstrated by the Fund's withdrawn Motion to Dismiss in response to the Summons. However, the Fund's withdrawn Motion to Dismiss did not purport to convert Plaintiff's notice of claim to an ERISA cause of action; the facts on the Summons were insufficient to do so. Rather, the Fund's withdrawn motion claimed ERISA as an affirmative defense.

The Fund's withdrawn Motion to Dismiss primarily argued that Plaintiff's Summons with Notice failed to state a claim and failed to sufficiently plead the facts so as to put to the Fund on sufficient notice in order to properly respond (i.e., answer or otherwise move or remove). The Fund's withdrawn motion did mention ERISA as an affirmative and procedural defense, as Plaintiff was seeking money damages for a state court action, but ERISA preemption alone does not necessarily confer removal jurisdiction. The claim must be completely preempted under ERISA §502, rather than conflict preempted or ordinarily preempted under ERISA §514, in order to become removable. The Fund's withdrawn motion to dismiss argued that if Plaintiff's state law claims related at all to the Fund's ERISA plan of benefits, they would fail, because they were not ERISA claims and because they seeking money damages from a plan, which was impermissible under ERISA. That motion relied on ERISA §514, a/k/a "ordinary

13034-3                                      7

preemption," preempted state law claims and only allowed equitable damages. The Fund explicitly stated that in order for Plaintiff to make a viable claim under ERISA, he would have to re-characterize his claim, i.e., bring an ERISA claim within the scope of the civil enforcement sections of ERISA §502; based on the Summons, he had not done that yet.

## POINT II

### PLAINTIFF'S REQUEST TO TRANSFER THIS INSTANT ACTION TO THE NORTHERN DISCTRICT OF NEW YORK IS BASELESS AND SHOULD BE DENIED

There is absolutely no basis for transferring this case to the Northern District of New York. Plaintiff brought the underlying state court action in the Supreme Court of the State of New York, County of New York, located at 60 Centre Street, New York, New York. Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Southern District of New York is proper because this is the federal district court for the district and division embracing the place where the state court is pending.

The Fund is located in Manhattan. Plaintiff filed the underlying case in Manhattan. Upon information and belief, Plaintiff-assignor Jennie Rosario resides in Manhattan. Plaintiff's counsel resides in New York City. Plaintiff Alec J. Megibow, MD, upon information and belief, practices in Pennsylvania, south of Manhattan, while the Northern District is North of Manhattan.

Finally, it should be noted that the Plaintiff's instant Complaint is not a breach of contract claim. If it were, Plaintiff would have argued as much in his motion to remand. This case is not about Plaintiff-assignor's former termination case or the resulting settlement, which provided for her COBRA election. This case is an ERISA § 502(a)(1)(b) claim for benefit payments to a doctor or medical provider, under the terms of the Fund's ERISA plan, on behalf of Plaintiff-assignor as a Fund beneficiary. There is no reason for Plaintiff to request

13034-3                                    8

transfer to the Northern District now, other than Plaintiff's desire to inconvenience the Fund, and according, the request should be denied.


## POINT III

### PLAINTIFF'S REQUEST FOR ATTORNEYS FEES SHOULD BE DENIED

Plaintiff is playing games and abusing judicial process. Plaintiff has not attempted to resolve his (or Plaintiff-assignor's) issues amicably, or at least outside the court system, by communicating with the Fund, either before filing the instant action, or since filing the instant action. Plaintiff has been irrationally secretive about the nature of his complaint or grievances. The Fund tried to ascertain the nature of Plaintiff's claim. As the Fund set forth in Point II, supra, the Fund tried in good faith to learn the nature of Plaintiff's problems, in the hopes of coming to a resolution without the need for further litigation. (See copy of the May 13, 2009, electronic correspondence, attached hereto as Exhibit "C"). Because Plaintiff was a doctor-assignee, the Fund asked Plaintiff whether the Plaintiff-assignee was having trouble getting claims paid, an offered to help if that were the case. Plaintiff never responded. Furthermore, Plaintiff always had the option (indeed, mandate) of pursuing the Fund's administrative appeals process, which are required under ERISA, specifically for the purpose of avoiding litigation for beneficiaries and plans wherever possible. Plaintiff ignored this remedial option.

The Fund is bewildered by the capricious acrimony on the part of Plaintiff, when the Fund has only endeavored to help its members and work cooperatively in ensuring its members gets the benefits to which they are entitled. Plaintiff's previous litigation against the Fund, although without merit, could have been avoided if Plaintiff had bothered to contact the Fund, as the Fund was willing to accommodate Plaintiff's needs regardless of the viability of that suit. It may be that Plaintiff's instant Complaint is also unnecessary, and may have also

9

been avoided, if Plaintiff had bothered to seek resolution before filing.  It is ironic that

Plaintiff is seeking compensation for supposedly unnecessary attorney's fees when it is

Plaintiff who sues first, and asks questions later.


### Conclusion

For the forgoing reasons, the Fund respectfully requests that Plaintiff's Motion to Remand his

Complaint, or in the alternative, to transfer the case to the Northern District of New York, be

DENIED, and further, that Plaintiff's Request for Attorney's Fees be DENIED.


Dated: August 20, 2009

                              Respectfully Submitted,

                              1199SEIU National Benefit Fund

                              By: *Suzanne Metzger*
                              Suzanne A. Metzger
                              Assistant General Counsel
                              Legal Department
                              330 West 42nd Street, 31st Floor
                              New York, NY  10036
                              (646) 473-6041 (phone)
                              (646) 473-6049 (facsimile)

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------X
ALEC J. MEGIBOW, M.D., as assignee of
Jennie Rosario, a/k/a Jenny Rosario,                          Index No.
08 CV 519 NDNY,

Plaintiff,

v.

Fred Hagen, Chief Benefits Officer,
1199SEIU BENEFIT & PENSION FUNDS,
as duly authorized designee of the Board of Trustees
of the 1199SEIU Benefit Fund for Health and Human
Service Employees,

Defendant
-------------------------------------------X

# SUMMONS WITH NOTICE

A.M. Bentley, P.C.
Counsel for Plaintiff
116 West 72nd Street
New York NY 10023
(212) 459-4067

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 106627/09

Date purchased 5/11/09

Plaintiff(s) designate(s)

**New York**
County as the place of trial

𝔖𝔲𝔪𝔪𝔬𝔫𝔰
𝔴𝔦𝔱𝔥 𝔑𝔬𝔱𝔦𝔠𝔢

The basis of the venue is

**Defendant's Residence**

---

ALEC J. MEGIBOW, M.D., as assignee of
Jennie Rosario, a/k/a Jenny Rosario,
08 CV 519 NDNY,

v.                                    *Plaintiff(s)*

Fred Hagen, Chief Benefits Officer,
1199SEIU BENEFIT & PENSION FUNDS,
as duly authorized designee of the Board of Trustees
of the 1199SEIU Benefit Fund for Health and Human
Service Employees                     *Defendant(s)*

---

Plaintiff(s) reside(s) at NEW YORK
County of NEW YORK

To the above named Defendant(s)

𝔜𝔬𝔲 𝔞𝔯𝔢 𝔥𝔢𝔯𝔢𝔟𝔶 𝔰𝔲𝔪𝔪𝔬𝔫𝔢𝔡     to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice appearance, on the Plaintiff's Attorney(s) within 20        days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated,   May 11, 2009

A. M. BENTLEY, P.C.

Attorney(s) for Plaintiff

Defendant's address:

**330 West 42nd Street**
**31st Floor**
**New York NY  10036**

116 WEST 72ND STREET NY  NY 10023
Office and Post Office Address
212 459-4067
FAX 212 877-2868

Notice:  The nature of this action is

**Breach of agreement**

**INDEX NUMBER FEE**
**$170.00**

RECEIPT
NEW YORK COUNTY CLERK
60 CENTRE STREET
NEW YORK, NY 10007

The relief sought is

**Money damages**

09106627

| DEPARTMENT | AMOUNT |
|---|---|
| 1 GEN | 165.00 |
| 7 SURCHARGE | 45.00 |
| TOTAL | 210.00 |
| CREDIT CARD | 210.00 |

CONS CASHIER  DATE  TIME  TRAN
-31117  1235  09 MAY 11 13:52 AM  41

Upon your failure to appear, judgment will be taken against you by default for the sum of $ **120,000.00** with interest from **April 22, 2009**              and the costs of this action.

Settlement Agreement & Release
Page 9 of 9

17.    This Settlement is made and entered into in the State of New York and shall in all respects be interpreted, enforced, and governed under the laws of said state without giving effect to conflicting laws or provisions thereof.

Dated: New York, New York
August ____, 2008
ACCEPTED AND AGREED:

STATE OF NEW YORK )

ss.:)

COUNTY OF NEW YORK )

**CONTINUUM HEALTH PARTNERS**

Marvin Russell
Senior Vice President, Human Resources
Continuum Health Partners
555 West 57th Street
New York, New York 10019

**ST. LUKE'S-ROOSEVELT HOSPITAL CENTER**

Marvin Russell
Senior Vice President, Human Resources
St. Luke's-Roosevelt Hospital Center
555 West 57th Street
New York, New York 10019

**LIBERTY LIFE ASSURANCE CO. OF BOSTON**

Paula J. McGee
Litigation Manager
Liberty Life Assurance Co. of Boston
3901 Premier North Drive
Tampa, FL 33618

**JENNIE ROSARIO a/k/a JENNY ROSARIO**

JENNIE ROSARIO a/k/a JENNY ROSARIO
300 E. 33rd Street
Apt. 2C
New York, NY 10023
(212) 459-4067

**LEVY RATNER, P.C.**

Owen M. Rumelt, Esq.
Attorney for Defendant
1199SEIU United Healthcare Workers East
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100

**1199SEIU NATIONAL BENEFIT FUND**

Fred Hagen
Chief Benefits Officer
1199SEIU BENEFIT & PENSION FUNDS
330 West 42nd Street, 31st Flr.
New York, NY 10036
(646) 473-6950



**A**

# EXHIBIT B



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:
------------------------------------------X
ALEC J. MEGIBOW, M.D., as assignee of
Jennie Rosario, a/k/a Jenny Rosario,
08 CV 519 NDNY,

                      plaintiff,


            –against–                    INDEX NO. **106627/09**

Fred Hagen, Chief Benefits Officer,
1199SEIU BENEFIT & PENSION FUNDS,
as duly authorized designee of the
Board of Trustees of the 1199SEIU
Benefit Fund for Health and Human
Service Employees,
                      defendant.
------------------------------------------X


# AFFIRMATION IN OPPOSITION TO MOTION TO DISMISS


A.M. Bentley, P.C.
Counsel for PLAINTIFF
116 West 72nd Street
New York NY 10023
(212) 459-4067

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:
-------------------------------------------------------------X
ALEC J. MEGIBOW, M.D., as assignee of
Jennie Rosario, a/k/a Jenny Rosario,
08 CV 519 NDNY,

               plaintiff,

      -against-                   INDEX NO. **106627/09**

                                     **AFFIRMATION**

Fred Hagen, Chief Benefits Officer,
1199SEIU BENEFIT & PENSION FUNDS,
**as duly authorized designee of the
Board of Trustees of the 1199SEIU
Benefit Fund for Health and Human
Service Employees,**
               **defendant.**
-------------------------------------------------------------X

    ANTHONY M. BENTLEY STATES PURSUANT TO CPLR
2106:

    1.  I am plaintiff's counsel herein, licensed as an attorney and counsellor in New York, and I make this affirmation in opposition to defendant's motion pursuant to CPLR Rule 3211 and/or 3212 "to Dismiss the complaint of Plaintiff," (defendant's Memorandum, first unnumbered paragraph, page 1) upon the grounds that the said motion is both unauthorized and premature.

    2.  On May 18, 2009 defendant was served with a Summons with Notice pursuant to CPLR 305(b) ("A").

    3.  A copy of the summons so received is also annexed to defendant's motion papers at Exhibit "A" to the Pagan affidavit.

    4.  No complaint has been demanded nor served, and defendant has neither served nor filed a notice of appearance.

5.  Contrary to defendant's representation to the Court in counsel's request for judicial intervention served upon plaintiff's counsel, *issue was not joined on June 1, 2009*, nor has been to date.

6.  A motion pursuant to CPLR Rule 3212 is authorized only after joinder of issue, an event not present, yet, herein.

7.  Defendant's portion of his motion pursuant to CPLR Rule 3212 is thus premature, and therefore should be denied.

8.  Defendant's motion founded upon CPLR Rule 3211 "to Dismiss the Complaint" must await the existence of a complaint herein—none is either extant nor due.

9.  That branch of defendant's motion is equally premature, and should also be denied, as it is addressed to a non-existent pleading.

10.  Indeed, no "pleadings" have yet been served or filed in this case.

11.  Pursuant to CPLR § 3012(b) service of a complaint post service of 305(b) service is required only where (i) a demand therefor has been made by defendant; or, (ii) a notice of appearance has been served by defendant.  Defendant herein has done neither, despite having acknowledged receipt of the summons.

12. Less than a month ago, this Court's coordinate branch in Kings County restated the long standing rule applicable to the case at bar:

2

"Pursuant to CPLR §3012, *the only statutorily permitted response* to the service of a summons with notice *is the service of a notice of appearance with or without a demand for a complaint* (see Siegel, New York Practice 4th §60). A motion to dismiss pursuant to CPLR §3211 is pre-mature." *Petrova v. Investors Capital, --Mic,3d—2009 NY Slip Op 29222,* Sup. Ct Kings Cty 2009)(full text slip opinion at "B")("*Petrova*").

13. In a similar case, Supreme, Nassau held about two year ago:

"Since a summons with notice is not a pleading, one cannot move pursuant to CPLR 3211 (a) to dismiss an action when it is commenced by service of a summons with notice." (*NGH Assoc. v. United Parcel,* 17 Misc.3d 746, 749-750, 2007 NY Slip Op 27402 Sup. Ct. Nassau Cty 2007)( full text slip opinion at "C")("*NGH*'").

"the only statutorily permitted response to the service of a summons with notice is the service of a notice of appearance or a demand for a complaint. (See Siegel, NY Prac § 60 [4th ed].) Customarily, a demand for service of a complaint is accompanied by a notice of appearance" (*Id.* at 748).

"Since the complaint has not yet been served, the court has no factual allegation to review so as to permit it to determine whether plaintiff has any cognizable causes of action. Stated more directly, the motion is premature. (*Id.* at 749).

"CPLR §3011 sets forth the types of pleadings permitted in New York practice. (Weinstein-Korn-Miller, NY Civ Prac ¶ 3011.00.) Pleadings include a complaint, an answer, and a reply (*Id.*)." (*Id.*).

"A summons with notice is not a pleading. Because a complaint has not been served, the court has no factual allegation to review so as to permit it to determine whether plaintiffs have any cognizable causes of action (see NGH Associates v United Parcel Service, Inc., 17 Misc 3d 746 [Nassau County 2007]) (*Petrova* at Slip p.2).

14. Defendant's motion, being entirely without merit, should thus be denied in all respects.

WHEREFORE it is respectfully prayed that defendant's motion be denied in all respects; and/or that this honorable Court grant such other or further relief deemed appropriate.

Executed:
New York  NY
June 20, 2009

Anthony M. Bentley
A. M. Bentley, P.C.
Plaintiff's Counsel
116 West 72nd Street
New York  NY  10023-3315

To:

Suzanne A. Metzger, Esq.
Asst. General  Counsel, Legal Department
1199SEIU Funds
330 West 42nd Street, 31st Flr
New York, NY 10036

BY EXPRESS MAIL
# EO 962 168 959 US

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | Index No. |
|---|---|
| | Date purchased |

ALEC J. MEGIBOW, M.D., as assignee of
Jennie Rosario, a/k/a Jenny Rosario,
08 CV 519 NDNY,

                              v.                    *Plaintiff(s)*

Fred Hagen, Chief Benefits Officer,
1199SEIU BENEFIT & PENSION FUNDS,
as duly authorized designee of the Board of Trustees
of the 1199SEIU Benefit Fund for Health and Human
Service Employees                             *Defendant(s)*

Plaintiff(s) designate(s)
**New York**
County as the place of trial.

**Summons**
**with Notice**

The basis of the venue is

**Defendant's Residence**

Plaintiff(s) reside(s) at NEW YORK
County of NEW YORK

To the above named Defendant(s)

**09106627**

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer. or. if the complaint is not served with this summons, to serve a notice appearance. on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated,  **May 11, 2009**

Defendant's address:

**330 West 42nd Street**
**31st Floor**
**New York NY 10036**

Notice:  The nature of this action is

**Breach of agreement**


The relief sought is

**Money damages**

A. M. BENTLEY, P.C.
Attorney(s) for Plaintiff
116 WEST 72ND STREET NY NY 10023
Office and Post Office Address
212 459-4067
FAX 212 877-2868

**FILED**
MAY 11 2009
NEW YORK
COUNTY CLERK'S OFFICE

Upon your failure to appear, judgment will be taken against you by default for the sum of $ **120,000.00** with interest from **April 22, 2009** and the costs of this action.



**EXHIBIT**
**"A"**

, [*1].

| Petrova v Investors Capital |
| :---: |
| 2009 NY Slip Op 29222 |
| Decided on May 20, 2009 |
| Supreme Court, Kings County |
| Rivera, J. |
| Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431. |
| This opinion is uncorrected and subject to revision before publication in the printed Official Reports. |

Decided on May 20, 2009

### Supreme Court, Kings County

---

**Evguenia Petrova and IGOR TSVETKOV, Plaintiffs,**

**against**

**Investors Capital and ALBERT RYJIKOV, Defendants**

---

33102/08

For Plaintiff:

Albert Gurevich

2544 East 22nd Street

Brooklyn, NY 11235

718-509-9774

For Defendant:

Marshall, Den, War, Cole, & Gog

420 Lexington Avenue Suite 335

New York, NY 10170

212-878-1700

Francois A. Rivera, J.



EXHIBIT "B"

Defendants move pursuant to CPLR §3211(a)(7), for an order dismissing the plaintiffs' Summons with Notice or, in the alternative, permanently staying this action and compelling the parties to proceed to arbitration before the Financial Industry Regulatory Authority pursuant to CPLR §7503 (a).

Plaintiffs submitted no opposition and failed to appear on April 17, 2009 for oral argument on the motion.

On or about January 15, 2008, plaintiffs served defendants with a summons and notice.

MOTION PAPERS [*2]

Defendants' motion consists of an attorney's affirmation and four exhibits. Exhibit A is the summons with notice. Exhibit B is a copy of the plaintiffs investor profile and account with defendants. Exhibit C is a copy of the margin agreement between the parties. Exhibit D are copies of account statments.

APPLICABLE LAW AND DISCUSSION

CPLR §3012 (b) provides:

that when an action is commenced by service of a summons without a complaint, the defendant can serve a notice of appearance with a demand for a complaint within the time provided for in CPLR §320 (a). If the defendant serves a notice of appearance without a demand for a complaint, the complaint shall be served within 20 days after the service of the notice of appearance.

CPLR §3211 (a)(7) permits:

the court to dismiss one or more causes of action alleged against a party on the grounds that the pleading fails to state a cause of action.

In determining a motion to dismiss made pursuant to CPLR §3211(a)(7), the court must review the complaint and determine whether the pleader has a cognizable cause of action.. The main mission of an affirmative pleading such as a complaint is to give "notice" of the event out of which the grievance arises. If the pleading can be said to give that notice, the first pleading requirement is satisfied. If the allegations also cover the substantive material elements that make up the particular cause of action relied on, the second requirement is met and the pleading satisfies the CPLR. The major challenge to an affirmative pleading is a motion under CPLR 3211(a)(7) to dismiss it for failure to state a cause of action; a pleading that meets the two stated requirements defeats that motion" (*see, Pires ex rel. Pires v. Frota Oceanica E Amazonica, S.A.; Siegel, NY Prac.* § 208 [4th ed]).

On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction. We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*Clement v Delaney Realty Corp.*, 45 AD3d 519 [2nd Dept 2007]). Whether the plaintiffs can ultimately establish their

allegations is not part of the calculus in determining a motion to dismiss (*EBCI, Inc. v Goldman, Sachs, & Co.*, 5 NY3d 11, 19 [2005]).

CPLR §3011 sets forth the types of pleadings permitted in New York practice. Pleadings include a complaint, an answer, and a reply. A summons with notice is not a pleading. Because a complaint has not been served, the court has no factual allegation to review so as to permit it to determine whether plaintiffs have any cognizable causes of action (see *NGH Associates v United Parcel Service, Inc.*, 17 Misc 3d 746 [Nassau County 2007]).

Pursuant to CPLR §3012, the only statutorily permitted response to the service of a summons with notice is the service of a notice of appearance with or without a demand for a complaint (*see Siegel, New York Practice 4th §60*). A motion to dismiss pursuant to CPLR §3211 is pre-mature.

As to the defendant's alternative request to compel arbitration, the court relies on the [*3]same determination. There being no complaint, the court cannot decide, at this time, that a prior agreement to arbitrate controls.

Defendants' motion to dismiss or compel arbitration is, therefore, denied without prejudice.

The foregoing constitutes the decision and order of the court.

_____

J.S.C.

Return to Decision List

| |
|---|
| **NGH Assoc., Ltd. v United Parcel Serv., Inc.** |
| 2007 NY Slip Op 27402 [17 Misc 3d 746] |
| October 1, 2007 |
| Austin, J. |
| Supreme Court, Nassau County |
| Published by <u>New York State Law Reporting Bureau</u> pursuant to Judiciary Law § 431. |
| As corrected through Wednesday, December 5, 2007 |

[*1]

| |
|---|
| **NGH Associates, Ltd., Plaintiff,**<br>v<br>**United Parcel Service, Inc., et al., Defendants.** |

Supreme Court, Nassau County, October 1, 2007

APPEARANCES OF COUNSEL

*Alston & Bird, LLP*, New York City, for defendants. *Michael P. Reynolds, P.C.*, Roslyn Heights, for plaintiff.

{**17 Misc 3d at 747} OPINION OF THE COURT

[*2]Leonard B. Austin, J.

Defendants move to dismiss plaintiff's causes of action for failure to state a cause of action.

<u>Background</u>

This is an action against a package delivery service for negligence and breach of contract.

Plaintiff, NGH Associates, Ltd. is a corporate security consulting firm which is located in Roslyn Heights. NGH also conducts investigations and provides litigation support.[FN1] On November 30, 2006, NGH entrusted a package to defendant United Parcel Service, Inc. (UPS) for overnight delivery to an attorney located in Garden City. The package contained "sensitive materials" which were to be reviewed by the attorney before being transmitted to the attorney's client.

The parties do not disclose the manner in which the package was transferred to UPS. However, for purposes of this motion, the court will assume that it was placed in a UPS "drop box" by an NGH employee. Although a tracking number was assigned to the package, it is unclear whether any type of receipt or bill of lading was issued.[FN2] In any event, shortly after receiving the package, UPS sent NGH a "damage/loss notification," stating that the parcel had been found empty and the carton discarded.

NGH alleges that UPS subsequently recovered a portion of the materials and delivered them not to the attorney but to the client. NGH claims that the misdelivery of the package resulted in damage to both its reputation and its


**EXHIBIT "C"**

business.[FN3]{**17 Misc 3d at 748}

On May 11, 2007, plaintiff served a summons with notice upon UPS apparently by delivering it to the Secretary of State.[FN4] The summons with notice states that the nature of the action is for breach of contract, gross negligence and damage to the business reputation of the plaintiff. (CPLR 305 [b].) The summons with notice does not state the sum of money for which judgment may be taken in case of default. However, this is a waivable defect. (*Sirkis v Cohen*, 23 AD3d [*3]369 [2d Dept 2005].)

UPS moves to dismiss plaintiff's claim for failure to state a cause of action. Defendant asserts that plaintiff's claim is preempted by the Federal Aviation Authorization Act which prohibits the states from enforcing any law or regulation related to a "price, route, or service" of a motor carrier or freight forwarder. (49 USC § 14501 [c] [1].)

In opposition, plaintiff argues that defendant's pre-answer motion to dismiss is "premature," and that defendant's proper remedy is to demand a complaint pursuant to CPLR 3012. Alternatively, plaintiff argues that its claim is not preempted by federal law.

Discussion

NGH commenced this action by serving a summons with notice. CPLR 3012 (b) gives a defendant served with a summons with notice two options. They are: (1) serve a demand for a complaint; or (2) serve a notice of appearance. In either circumstance, plaintiff is required to serve a complaint within 20 days of service of either. The only difference between these alternatives is that service of a demand for a complaint without a notice of appearance extends defendant's time to appear until 20 days after service of the complaint.

Thus, the only statutorily permitted response to the service of a summons with notice is the service of a notice of appearance or a demand for a complaint. (*See* Siegel, NY Prac § 60 [4th ed].) Customarily, a demand for service of a complaint is accompanied by a notice of appearance.

For the purposes of a motion to dismiss made pursuant to CPLR 3211 (a) (7), the distinction between serving a demand for a complaint or a notice of appearance is irrelevant. Such a motion can be made either before or after the service of a responsive pleading. (*See* CPLR 3211 [e].){**17 Misc 3d at 749}

CPLR 3211 (a) (7) permits the court to dismiss "one or more causes of action" alleged against a party "on the ground that . . . the *pleading* fails to state a cause of action." (Emphasis added.)

CPLR 3011 sets forth the types of pleadings permitted in New York practice. (Weinstein-Korn-Miller, NY Civ Prac   3011.00.) Pleadings include a complaint, an answer and a reply. (*Id.*) The remainder of CPLR 3011 provides what may be pleaded in an answer and what is the appropriate responsive pleading.[FN5]

Since a summons with notice is not a pleading, one cannot move pursuant to CPLR 3211 (a) to dismiss an action when it is commenced by service of a summons with notice.

In determining a motion to dismiss made pursuant to CPLR 3211 (a) (7), the court must determine whether the pleader has a cognizable cause of action. (*Guggenheimer v Ginzburg*, 43 NY2d 268 [1977]; *Rovello v Orofino*

*Realty Co.*, 40 NY2d 633 [1976]; *Well v Yeshiva Rambam*, 300 AD2d 580 [2d Dept 2002]; *Frank v DaimlerChrysler Corp.*, 292 AD2d 118 [1st Dept 2002].) The court must read the complaint and determine from the four corners of the document whether the factual allegations set forth any cognizable cause of action. (*Klepetko v Reisman*, 41 AD3d 551 [2d Dept 2007].) In making such a determination, the court must also accept as true all of the facts alleged in the complaint and any factual submissions made in opposition to the motion. (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002]; *Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409 [2001]; *Alsol Enters., Ltd. v Premier Lincoln-Mercury, Inc.*, 11 AD3d 493 [2d Dept 2004].) The complaint must be liberally construed and the plaintiff must be given the benefit of every favorable inference. (*Leon v Martinez*, 84 NY2d 83 [1994]; *Goldfine v Sichenzia*, 43 AD3d 1108, 2007 NY Slip Op 06951 [2d Dept 2007]; *Paterno v CYC, LLC*, 8 AD3d 544 [2d Dept 2004].)

Since the complaint has not yet been served, the court has no factual allegation to review so as to permit it to determine whether plaintiff has any cognizable causes of action. Stated more [*4]directly, the motion is premature. {**17 Misc 3d at 750}

Accordingly, it is ordered that defendants' motion to dismiss is denied without prejudice; and it is further ordered that plaintiff is directed to serve a complaint within 20 days of the date of this order.

## Footnotes

**Footnote 1:** See NGH's Web site at www.nghassociates.com.

**Footnote 2:** The tracking number for the package was 1Z5T2T920190719703.

**Footnote 3:** The court notes that a lawyer is under a duty to keep a client reasonably informed as to the status of a matter (Code of Professional Responsibility EC 9-2). While a lawyer may be justified in delaying transmission of information to which the client may react imprudently, a lawyer may not withhold information to serve the lawyer's own interest or convenience (ABA Annotated Model Rules of Professional Conduct rule 1.4, Comment 7). For the purpose of this motion to dismiss, the court will assume that misdelivery of the package caused professional embarrassment to the attorney, but the attorney did not intend to hide information from the client or otherwise violate a disciplinary rule.

**Footnote 4:** (*See* plaintiff's exhibit 5.) Upon defendants' representation that the only defendant which is actually involved in the business of delivering packages is United Parcel Service, Inc., the action is deemed dismissed as to the other defendants.

**Footnote 5:** An answer may contain a counterclaim against the plaintiff or a cross claim against another defendant. The plaintiff must serve a reply to a counterclaim. A cross claim is deemed denied unless the party serving the answer specifically demands an answer to the counterclaim.