IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
ALEC J. MEGIBOW, M.D., as assignee of
Jennie Rosario, a/k/a Jenny Rosario,             Civil Action No.
08 CV 519 (NDNY),                                 **09 cv 6993** (AKH)(RLE)
                             Plaintiff

       -v-                                        NY COUNTY CLERK INDEX NO.**106627/09**
Fred Hagen, Chief Benefits Officer,
1199SEIU BENEFIT & PENSION FUNDS,
**as duly authorized designee of the Board of Trustees
of the 1199SEIU Benefit Fund for Health and Human
Service Employees,**
                             Defendant.
---------------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTIONS TO RECONSIDER THIS COURT'S ORDER DATED 8/27/09 AND TO DECLARE DEFENDANT'S DEFAULT IN PLEADING

## TABLE OF CONTENTS

**Contents**..................................................................................................... i

**Relief requested**......................................................................................... 1

**Motion I (Reconsideration)**..................................................................... 1

**Motion II (Defendant's default)**............................................................. 7

**Local Rule 6.3 (additional matters overlooked)**................................. 9

**Factual errors**............................................................................................ 12

**Conclusion**................................................................................................. 12

## EXHIBITS

1. County Clerk's minutes.
2. Defendant's 6/1/09 dismissal motion in state court.
3. Document 6, pp. 14-15, this docket.
4. State marking of this case "disposed."
5. State docketing receipt of "Letter Notice of Removal" on 8/19/09.
6. Initial document served on defendant 5/18/09 (aff't svce).
7. Defendant's waiver of Federal jurisdiction to enforce agreement.
8. Defendant's counsel's authorship of settlement agreement.

RELIEF REQUESTED

Plaintiff requests (I) reconsideration of his (denied) remand motion upon the principal ground that the Court appears to be of the mistaken belief that this action was initiated by the service of a naked summons (summons without notice) (Order, this Court, dated 8/27/09, "8/27 Order")(2d decretal ¶, 1st sentence, "summons without notice"); and, requests (II) an order by the Court that defendant was, at the time removal was effected, in pleading default with respect to the (formal) complaint (and, incidentally, remains so herein).

MOTION I

RECONSIDERATION: REMOVAL UNTIMELY

Plaintiff initiated this action by the filing and service of a Summons _with_ Default Notice (defendant's own exhibits already offered to the Court annex the same); the initiating document that triggered defendant's removal time clock, was not, as set forth in the 8/27 Order, a summons _without_ notice.  The difference is critical to the timeliness of defendant's removal; moreover, the document is treated differently by the Federal and New York State courts.  The weight of authority in both jurisdictions is fatal to defendant's continued presence in this Court.

In *JONES CHEMICALS v. DISTRIBUTION ARCHITECTS INTERN.*, 786 F. Supp. 310 (W.D.N.Y.)(1992)("*Jones*"), Western District Judge Skretny's Decision and Order *held*, in part, construing 28 U.S.C. 1446(b), a statute cited by this Court in the 8/27 Order (page 2, first ¶, first sentence) as follows:

"DISCUSSION

"28 U.S.C. § 1446 governs the procedure for removal. Subsection (b) states in relevant part:

1

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the *initial pleading* setting forth the claim for relief upon which such action or proceeding is based. . . .(emphasis added)[in original-AMB].

"Plaintiff argues that defendants' notice of removal was untimely because defendants filed it nearly three months after the suit was commenced pursuant to the CPLR by service of the summonses with notice. Defendants argue that removal was timely because they filed their notices of removal within 30 days of receipt of the complaint. ***Therefore, I must decide whether the summonses with notice served in this case constitute "initial pleadings" within the meaning of 28 U.S.C. § 1446(b), thereby triggering the commencement of the 30-day removal period. I find that they do***. [emphasis mine--AMB-1853]

"The CPLR does not classify a summons with notice as a "pleading." CPLR 3011. However, this is not dispositive of the "initial pleading" question. The Supreme Court has recognized that:

> the removal statute, which is nationwide in its operation was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied. Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941).

"Similarly, in Universal Motors Group of Companies, Inc. v. Wilkerson, 674 F. Supp. 1108, 1111 (S.D.N.Y. 1987), the court stated that:

> in determining whether a particular document is an "initial pleading" under section 1446(b), a court should look beyond the particular label which a local jurisdiction chooses to give the document and instead focus on whether the content of the document satisfies the conditions of federal removal jurisdiction. ***<u>Thus, federal law is determinative of the "initial pleading" issue, not New York statutory definitions</u>***.[emphasis supplied—AMB-1853].

2

"The Second Circuit has not addressed precisely what constitutes an "initial pleading" under § 1446. However, district courts in this Circuit have nearly uniformly applied the standard established in Ardison v. Villa, 248 F.2d 226, 227 (10th Cir. 1957), and have ruled that an "initial pleading" is a document from the face of which a defendant can "intelligently ascertain removability." Sharon v. National Life Ins. Co. of Vermont, No. 88 CIV. 4120, 1988 WL 87508, at *1 (S.D.N.Y. April 12, 1988); Fisher v. Bangor Punta Corp., No. 85 CIV. 0497-CSH, 1987 WL 8650, at *1 (S.D.N.Y. March 27, 1987); Wilkerson, supra, 674 F. Supp. at 1111; Day v. Zimmer, Inc., 636 F. Supp. 451, 453 (N.D.N.Y. 1986); Worthy v. Schering Corp., 607 F. Supp. 653, 656 (E.D.N.Y. 1985); Village of Wellsville v. Atlantic Richfield Co., 608 F. Supp. 497, 499 (W.D.N.Y. 1985); E.W. Howell Co., Inc. v. Underwriters Laboratories, Inc., 596 F. Supp. 1517, 1520 (E.D.N.Y. 1984); Manufacturers & Traders Trust Co. v. Hartford Accident and Indem. Co., 434 F. Supp. 1053, 1055 (W.D.N.Y. 1977). These cases have generally construed the "intelligently ascertain removability" standard to be flexible, Day v. Zimmer, supra, 636 F. Supp. at 453, necessitating a case by case assessment of each summons with notice to determine whether it gives the defendant ". . . a fair opportunity to determine whether the case was removable." Village of Wellsville, supra, West Page 313 608 F. Supp. at 499. See also Wilkerson, supra, 674 F. Supp. at 1112. Applying the standard, most courts have held that the summons with notice was an "initial pleading" for purposes of 28 U.S.C. § 1446. Of the district court cases cited above, only E.W. Howell Co. and Manufacturers & Traders Trust Co. have held to the contrary." *Id*. 786 F. Supp. 312-313.

Cases in the Northern District are mostly in accord with *Jones*. In *WEIMER v. CITY OF JOHNSTOWN, N.Y.*, 931 F. Supp. 985, (N.D.N.Y.)( 1996)("*JOHNSTOWN*") the District Court stated:

"Plaintiff brings the instant motion seeking (1) remand of the action back to Fulton Supreme Court, and (2) pursuant to 28 U.S.C. § 1447(c), an award of just costs, actual expenses, and attorney's fees incurred as a result of the allegedly improvident motion to remove. Plaintiff argues primarily that defendants did not comply with the thirty-day time limit for removal petitions mandated by 28 U.S.C. § 1446(b). That straightforward contention involves several issues, discussed below.

3

"II. DISCUSSION

"The federal removal statute provides in relevant part that

"(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .28 U.S.C. § 1446(b).

"The parties do not dispute the dates defendant City received the summons with notice, the date plaintiff received the notice of removal, or the date the notice was filed with the clerk of the court. See Defs.' Mem. Law, Doc. 6, at 1. As noted above, *neither plaintiff's receipt of the removal notice nor the filing of the notice with this court occurred within thirty days of defendant City's receipt of the summons with notice.* [emphasis mine, AB-1853]

"In support of their position that removal is nonetheless timely, defendants proffer two arguments: (1) the summons with notice is not an "initial pleading" as defined by the removal statute, thus the thirty-day clock did not start to run when City received it, id. at 2-4; and (2) removal is still timely with respect to defendant Lake, either because he has not been served, or alternatively, because the removal notice was received by plaintiff and filed within thirty days of Lake's actual receipt of the summons with notice on February 1, id. at 1-2. Analysis of these arguments follows.

"A.  What is an Initial Pleading?

"Defendants maintain that a summons with notice does not constitute an "initial pleading setting forth the claim for relief upon which action or proceeding is based" within the meaning of the removal procedure statute, 28 U.S.C. § 1446(b). Id. at 2-4. They instead argue that it is the service of the complaint which starts the thirty-day stopwatch.

"The court recognizes that federal districts in New York State are, at least superficially, split over the issue of whether the summons with notice under New York practice is an "initial pleading" for purposes of the removal statute. Compare, e.g., Figueroa v. Kim, 813 F. Supp. 267, 268 (S.D.N.Y Y 1993) (summons with notice sufficient) with E.W. Howell Co., Inc. v. Underwriters Labs., Inc., 596 F. Supp. 1517, 1519 (E.D.N.Y. 1984) (insufficient). There is even contrary authority within the

4

Western District of New York. Compare Jones Chems., Inc. v. Distribution Architects Int'l, Inc., 786 F. Supp. 310, 316 (W.D.N.Y. 1992) (sufficient) and Village of Wellsville v. Atlantic Richfield Co., 608 F. Supp. 497, 499 (W.D.N.Y. 1985) (sufficient) with Manufacturers & Traders Trust Co. v. Hartford Accident & Indem. Co., 434 F. Supp. 1053, 1054 (W.D.N.Y. 1977) (insufficient). See generally Robert F. Koets, Annotation, What Constitutes Initial Pleading for Purposes of Computing Time for Removal of Civil Action from State to Federal Court Under 28 USCS § 1446(b)?, 130 A.L.R.Fed. 581, § 6 at 598-601 (1996).

"Fortunately there is a persuasive authority in the Northern District on point. Judge McCurn analyzed the issue in 1986, and held that the summons with notice served in the case before him was enough to activate the running of the prescribed time period. Day v. Zimmer Inc., 636 F. Supp. 451 (N.D.N.Y. 1986). Rather than adopting a bright-line rule, Judge McCurn sensibly advocated an approach whereby the actual notice-value of the pleading is examined. The defendant must be able to "intelligently ascertain removability" from the face of the document. Id. at 453. This standard

"is a flexible one in that if the "Summons with Notice" does not adequately apprise the defendant of the necessary facts to determine removal, the defendant's time to remove would not be triggered by service of that pleading. Id.

"Judge McCurn went on to hold that a summons with notice which briefly described the nature of the claim, set forth a demand in excess of the required amount in controversy, and indicated that the plaintiff haled from a different state, adequately informed the defendant of the existence of diversity jurisdiction, and hence the suit's removability to federal court. Id. This fact-dependent determination may in fact be the prevailing method, which would harmonize the apparent inconsistency of the precedents. For instance, Judge Curtin authored both the Village of Wellsville and Manufacturers & Traders Trust opinions which reached opposite results on the question, suggesting a flexible case-by-case approach was being used. Compare 608 F. Supp. at 499 with 434 F. Supp. at 1054. Judge Skretny in Jones Chemicals similarly observed that Manufacturers was "fact specific," 786 F. Supp. at 313 n. 2, and noted that the two reported decisions purporting to establish bright-line rules had not been followed, id. n. 1. See also id. at 312 (cases generally apply "intelligently ascertain removability" standard; citing Day v. Zimmer). *JOHNSTOWN* at 986-88.

5

**Defendant's brief of June 1, 2009, annexed to the Complaint before this Court at Exhibit "D," consists of seventeen pages of precisely (at minimum) what defendant knew as justification of its removal grounds on June 1, 2009, which removal was not effectuated, until, at the earliest, August 17, 2009 (filing date in NY Supreme [Ex. 1 hereto: case *active 8/10/09*; letter notice of removal *docketed 8/19/09*, case *marked "disposed" 8/17/09* in NY Supreme])(It appears that defendant has consistently failed, in contravention of the rules, either to supply this Court with Exhibit "D" to the complaint, or, to indicate that the exhibits to the complaint as filed electronically herein have been "excerpted" in their entirety from the complaint, the very document upon which defendant bases its argument for its statutorily untimely removal.  See docket event # 1, this case.**

**The statutory period for removal has been exceeded by over 100% by defendant, and that statute is subject to strict construction (That issue has been decided by this Circuit, then Chief Judge Oakes, writing for the Court, having stated:**

> **"Under 28 U.S.C. § 1446(b), the petitioning party must file a notice of removal with the district court within thirty days after receipt of the initial pleading. See 28 U.S.C. § 1446(b) (1988). While the statutory time limit is mandatory, it is "merely a formal and modal requirement and is not jurisdictional." Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980). Nevertheless, absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement. See, e.g., Nicola Prods. Corp. v. Showart Kitchens, Inc., 682 F.Supp. 171, 173 (E.D.N.Y. 1988); Martropico Compania Naviera S.A. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 428 F.Supp. 1035, 1037 (S.D.N.Y. 1977). *SOMLYO v. J. LU-ROB ENTERPRISES, INC.*, 932 F.2d 1043, 1046 (2nd Cir. 1991)("*SOMLO*").**

6

It is urged by plaintiff that the seventeen page dismissal motion document of defendant dated June 1, 2009 (I annex it hereto in full (in compact form) as Ex. 2), apparently a patchwork of boilerplate utilized by in-house counsel to remove even *small claims* cases from state court to this and other Federal courts in this Circuit, states and restates the premises, frequently faulty, but always utilized, by defendant at its earliest opportunity (here on June 1, 2009) to remove.  The result is a relief to our dockets in the courts of the state of New York, but a corresponding burden on this Court and upon the federal taxpayer.

In sum, defendant knew everything it normally required to trigger its standard removal juggernaut on June 1, 2009, but waited over two months to effectuate removal in this particular case since the service of the Summons with Notice (Ex. 3).  The case should be remanded, and attorneys fees granted to plaintiff for an improvident removal, if for no other reason than as presented to the Court by defendant (Ex. 3, second page, page 15 of 28 filed as Docket event # 6, this case) *defendant has specifically waived in the final paragraph (¶17 )* of the agreement upon which plaintiff's case is based, any future discretion to assert co-ordinate jurisdiction in this Court, and is estopped herein to use it as a basis for removal.

## MOTION II

### DEFENDANT'S DEFAULT IN RESPONSE TO THE COMPLAINT

As of record, and in fact, defendant has neither as of the date of removal from New York Supreme (Ex. 1), nor herein, responded in any relevant fashion to the complaint, and his time to have done so has elapsed.  Defendant is therefore in default of pleading and plaintiff seeks an order from this Court so determining.

7

Defendant's default is a matter of pure, mathematical, calendar calculation. Plaintiff's complaint was served on defendant's counsel on July 12, 2009 (by priority U.S. mail), and received, as acknowledged by adverse counsel on July 14, 2009. Even given a full 25 days to respond, (adding a state five day mail increase in response time), defendant's response to the complaint by answer or motion, was to have been served, by any method, on or before August 6, 2008. No such response was served by defendant. Defendant was in pleading default as of that date.

Defendant "filed the Notice of Removal on August 7, 2009" (in this Court) but waited to file the same, thereby delaying the effective date of removal in State court, until either August 17, 2009 (Ex. 4) or August 19, 2009 (Ex. 5, docketing of "Letter Notice of Removal). Defendant was in pleading default at the time of removal from state court.

Defendant remains in pleading default as of this writing, over two months following defendant's time or answer or move with respect to the complaint in state court.

Defendant's pleading status with respect to the complaint, to wit: *defaulted*, is the same in this Court. It is governed, principally, by FRCP Rule 81(c), which requires ("must") defendant to have responded to the complaint (C) by August 14 (5 business days); or, even if the complaint is treated as the "initial pleading" (A) August 3, 2009, twenty days plus a final Sunday post acknowledged receipt of complaint on July 14, 2009; or, (B) somewhat earlier, by June 8, 2009, 20 days plus a final Sunday after being served with the Summons with Notice of Claim For Relief. Defendant has done none of these, and thus remains in default of pleading in this Court, as well as in state court.

## LOCAL RULE 6.3 MATERIAL
{Matters Overlooked}

Plaintiff, with the greatest of respect to the Court, submits that in deciding plaintiff's prior motion on August 27, 2009, (sought now to be reconsidered), whilst plaintiff's statutory time to reply to defendant's (winning) opposition to the motion had yet to run, (and while the undersigned was still preparing such a reply), the Court, necessarily was deprived of the material which was to be included in that reply, and therefore not considered by the Court in the 8/27 decision/order.

We submit some of those matters here.

The 8/27 order (first ¶, third sentence) states that "claims under ERISA are within the exclusive jurisdiction of the federal courts. 29 U.S.C. §¶ 1132(e)(1)."

This is, respectfully, error.

The subsection quoted by the Court, in its first sentence, *specifically exempts* from exclusivity: " civil action . . .brought—to recover benefits due [a person] under the terms of his plan, to enforce his rights to future benefits, or to clarify his rights to future benefits under the terms of the plan" *See, Id.*, §1132(a)(1)(B).

The last sentence of the subsection relied upon by the Court also specifically states: "(e)(1) . . . State Courts of competent jurisdiction and district courts of the United States shall have *concurrent* jurisdiction under paragraph[] (1)(B) . . . of subsection (a) of this section." (emphasis mine).

Congress, thus, by statute, intended unequivocally to grant New York Supreme Court with original jurisdiction over what defendant characterizes (and the Court apparently adopts) as an ERISA claim in plaintiff's complaint.

9

It should be noted that plaintiff's claim is for "breach of agreement" as indicated in both the summons with notice and in the complaint. Although not necessary to the resolution of this motion, the Court is respectfully invited to note that we do not believe we have anything more exotic than a pure contract claim to advance with respect to the agreement.

Assuming, arguendo, plaintiff's claim is to be parsed by reference to ERISA, it still belongs in Supreme, New York, due to specific contract language agreed amongst the parties in the seminal Northern District litigation settled by the agreement sued upon herein regarding *choice of law* and *choice of forum.*

The choice of law and forum contract language was, at least partially, presented to the Court by defendant, in docket event document 6, page 14, filed 8/20/09 (Ex. 7), and states (on signature page, bearing defendant's signature):

> "17. This settlement is made and entered into in the State of New York and shall in all respects be interpreted, enforced, and governed under the laws of said state without giving effect to conflicting laws or provisions thereof."

The language proffered to the Court by defendant in docket event document 6, quoted above, as well as the settlement document as a whole, was drafted by defendant's present counsel (Ex. 8), who is also the present signatory of defendant's notice of removal.

Plaintiff will, therefore, going forward, be obliged to treat the removal as an additional breach of the contract sued upon, based upon clause 17 quoted above.

As the complete settlement agreement terminating the two recent actions in the Northern District (the case number of the more recent of which appears in the caption of this case), was annexed in full as Exhibit "D" to plaintiff's complaint, I was initially surprised that the Court's order of 8/27 rather vaguely referred to "a settlement of some sort in [the Northern District of New York], until I realised that this Court had likely never seen that document, notwithstanding it was fully annexed to the complaint.

This is of greater concern than if it were merely overlooked by the Court: it appears that the full document had never been presented to the Court by defendant, as defendant was required to do as an element of his removal process.

Defendant did annex a redacted copy of the complaint to his notice of removal: redacted, that is, of *all* of the complaint exhibits. Neither did defendant, in violation of the rules concerning exhibits, indicate "clearly" that the exhibited complaint was "excerpted" (to wit: *in toto to the extent it was wholly bereft of its exhibits).*

One must presume that defendant has lodged with the clerk, along with the full state case file, copies of all pleadings and documents received by him in the prior course of this case in the local court, shortly after removal as required by statute and rule. My presumption is more optimistic than is my confidence in defendant's compliance, hence, as an exhibit to my intended reply memorandum further in support of the original (denied) remand motion was a full copy of the complaint complete with exhibits. Unfortunately for plaintiff, prior to the return date of that remand motion, and prior to my filing of plaintiff reply (not yet due under the rules), the Court summarily denied the motion and ordered it "terminated."

## ANCILLARY FACTUAL ERRORS IN ORDER OF 8/27

As affidavits are prohibited in support of motions for reconsideration I must point out the following factual inaccuracies occurring in the precatory language of the 8/27 order:

(i)  Dr. Megibow is not a treating physician of Ms. Rosario, and never has been such; neither has he alleged that he "gave medical services to his patient, Jennie Rosario."

(ii)  Dr. Megibow is not "a doctor practicing in Pennsylvania;"  he practices in New York, and is incidentally licensed to do so in New Jersey.

## CONCLUSION

It is respectfully submitted that an order issue (I) remanding this case to Supreme Court, New York County; and, (II) declaring defendant in default of pleading; and/or for such other and further relief deemed appropriate to this Honourable Court.

Dated:
New York  NY
September  7, 2009

> Respectfully submitted,
>
> /s/Anthony M. Bentley
> Anthony M. Bentley   #AB1853
> A. M. Bentley, P.C.
> Plaintiff's Counsel
> 116 West 72nd Street
> New York  NY  10023-3315
> 212 459-4067  Fax  877-2868
> eMail: *ambentley@nyc.rr.com*

12