```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALEC J. MEGIBOW, M.D., as assignee of
Jennie Rosario, a/k/a Jenny Rosario,
08 CV 519 NDNY,                                    No. 09 CIV 6993 (AKH)(RLE)

              Plaintiff(s),                        ECF case


    -against-


FRED HAGEN, Chief Benefits Officer,
1199SEIU BENEFIT & PENSION FUNDS,
as duly authorized designee of the
BOARD OF TRUSTEES OF THE 1199SEIU          Removed from Supreme Court
BENEFIT FUND FOR HEALTH AND                of the State of New York,
HUMAN SERVICE EMPLOYEES,                   New York County,
                                           Index No. 106627/09
              Defendant(s).
------------------------------------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS IN LEIU OF AN ANSWER

### Preliminary Statement

Defendant 1199SEIU National Benefit Fund for Health & Human Service Employees ("Fund") (misnamed "Fred Hagen, Chief Benefits Officer, 1199SEIU Benefit & Pension Funds, as duly authorized designee of the Board of Trustees of the 1199SEIU Benefit Fund for Health & Human Service Employees"), by its undersigned counsel, submits this memorandum of law in support of the Fund's Motion to Dismiss Plaintiff's Complaint, or in the alternative, to stay the case until Plaintiff-assignor has exhausted her administrative appeal rights under ERISA, pursuant to Rule 12(b)(1) or (6) or 12(c) of the Federal Rules of Civil Procedure.

According to Plaintiff's Complaint, Plaintiff is suing the Fund based on an assignment of one of the Fund's beneficiaries' rights to medical benefits. However, Plaintiff and

13176-1

Plaintiff's assignor have failed to exhaust the plan's internal review procedures for claims benefit denials, a necessary prerequisite for beneficiaries before bringing an ERISA suit for benefits, according to the Fund's plan, to the U.S. Department of Labor claim's regulations, and to well-established case law in all circuits who have decided the matter. Accordingly, Plaintiff's claims are not ripe for review, and should be dismissed without prejudice, or in the alternative, remanded to the Fund's Plan Administrator for processing as an appeal.

**Argument**

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF (AND PLAINITFF-ASSIGNOR) HAS FAILED TO EXHAUST HIS/HER ADMINISTRATIVE REMEDIES AS REQUIRED BY THE CLAIMS REGULATIONS AND THE TERMS OF THE PLAN**

Plaintiff Complaint, which has been re-characterized as a claim for benefits under the Employee Retirement Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 (albeit without the benefit of an amended complaint), should be dismissed because neither the Plaintiff nor the beneficiary-assignor exhausted their administrative remedies (a/k/a "appeals procedures" or "internal review procedures" or "claims procedures") per the terms of the Fund's ERISA plan. Before a participant, or a provider as an assignee of a participant, may commence an action contesting a benefit determination in a court of competent jurisdiction, (s)he must first complete a benefit plan's internal administrative review process. *Peterson v. Cont'l Cas. Co.*, 282 F.3d 112, 117 (2d Cir. 2002); *Kennedy v. Empire Blue Cross Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993). The requirement to exhaust a plan's administrative remedies prior to filing a claim is recognized by the courts, is part of the terms of the Benefit Funds' plans, and is set forth in the U.S. Department of Labor

regulations (promulgated pursuant to ERISA) governing the submission and review of review of ERISA claims. 29 C.F.R. § 2560.503-1(e).

The Fund is self-funded and administered by a Board of Trustees consisting of representatives of both labor and management for the purpose of providing health care and welfare benefits or pension benefits to covered employees and their dependents in accordance with a written summary plan description ("SPD"). The policy choices of the Fund are set forth, pursuant to ERISA's notice and disclosure requirements, in laymen's terms in the SPD, which is distributed to all participants upon enrollment in the fund and upon request, and is also available online at www.1199seiufunds.org under "Plan Descriptions."

In the instant application, Plaintiff filed suit against the Fund seeking payment of his claims on behalf of the purported assignee-beneficiary. However, neither the Plaintiff nor the beneficiary followed the appeal procedures. If the beneficiaries objected to this apparent failure to pay, according to the terms of the Plan of Benefits, they were required to complete the Plan's two-step appeals process before contesting the determination in court. The Plan reiterates the DOL claims regulations with respect to the Claims and Appeals Procedures: "No lawsuits may be filed in any court until all steps of these procedures have been completed and the benefits have been denied in whole or in part" *Id.* The Fund's records do not indicate that prior to filing the instant case, the payment in question was ever appealed to either the Plan Administrators or the Funds' Boards of Trustees.

The rationale for the exhaustion requirement was explained by the Second Circuit as a necessary measure in order to " 'help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned.'" Kennedy, 989 F.2d at 594 (2d Cir. 1993)(quoting Amato v. Bernard, 618 F.2d 559, 567 (9th Cir. 1980). Like the Second Circuit, nearly every other circuit has adopted this rationale and

13176-1                                                   3

the procedural rule of requiring a beneficiary to exhaust the plan's appeals procedures before bringing an ERISA suit for benefits.[1] Other circuits have also noted that the requirement "permits the plan fiduciaries to effectively manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Hill v. Blue Cross & Blue Shield*, 409 F.3d 710, 722 (6th Cir. 2005); see also *Zhou v. Guardian Life Ins. Co. of Am.*, 295 F.3d 677, 680 (7th Cir. 2002). However, as is stands, the Fund has no idea which claims the Plaintiff/Plaintiff assignor is disputing, has not reviewed such claims, and has no administrative record of review.

This case may be the archetypal example of why the DOL and the federal courts have imposed a requirement that beneficiaries, when disputing plan denials of claims for healthcare services, exhaust the plan's appeals procedures before bringing a lawsuit. Here, according the Fund's records, 1) neither the plaintiff nor the plaintiff-assignor has submitted any claims for reimbursement, 2) to the extent that there are claims for reimbursement for services provided by a medical provider which have been rejected or are otherwise unpaid, neither the Plaintiff nor the Plaintiff-assignor has identified such claims for the Fund, or attempted resolution pursuant to the Plan, so the Fund has not even had the opportunity to review its decision, change its determination, or in the event that it upholds its denial, explain any issues that resulted in the benefit denial. In addition, based on the limited information available in Plaintiff's Complaint, taken together with the Fund's records of claims payments, the Fund cannot determine which claims the Fund is contesting. In short, it is entirely possible that the unpaid claims that form the basis of this Complaint could have been resolved, or in the very least, if the dispute cannot be resolved in a non-adversarial way and should Plaintiff/Plaintiff-

---

[1] Kennedy, 989 F.2d at 594 (2d Cir. 1993); Grossmuller v. Auto Workers, 715 F.2d 853, 857 (3d Cir. 1983); Smith v. Snydor, 184 F.3d 356, 364 (4th Cir. 1999); Denton v. First Nat'l Bank, 765 F.2d 1295 (5th Cir. 1985); Hill v. Blue Cross & Blue Shield, 409 F.3d 710, 722 (6th Cir. 2005); Zhou v. Guardian Life Ins. Co. of Am., 295 F.3d 677, 680 (7th Cir. 2002); Conley v. Pitney Bowes, 34 F.3d 714, 718 (8th Cir. 1994); Diaz v. United Agric. Empl. Welfare Benefit Plan & Trust, 50 F.3d 1478, 1483; Mason v. Continental Group, Inc., 763 F.2d 1219, 1227 (11th Cir. 1985); Comm. Workers of Am. V. AT & T, 40 F.3d 426, 432, (D.C. Cir. 1994).
13176-1
4

assignor still have to resort to litigation, they could pursue their claims in an informed and efficient matter before the Court.

A court may, in its discretion, waive the exhaustion requirement where it would have been futile, or if the plaintiff was justified in his/her failure to comply with the administrative requirements due to special circumstances. *Paese v. Hartford Life and Accident Ins. Co.*, 449 F.3d 435 (2d Cir. 2006); *Jones v. Unum Life Ins. Co, of Am.*, 223 F.3d 130, 140 (2d Cir. 2000). However, Plaintiff has not alleged any special circumstances in his complaint, and there is no indication that an appeal would have been futile here. *Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 134-135 (2d. Cir. 2001) (holding that futility had not been established where beneficiary had written letters claiming an entitlement to benefits but had never filed any formal application for benefits). On the contrary, the Fund would welcome an appeal from Plaintiff of Plaintiff-assignor, and has well-established, reasonable claims procedures to process such an appeal, and give it due consideration under the terms of the Fund's plan. Plaintiff has not been denied access to the Fund's appeal procedures, and there would be no harm to Plaintiff to require exhaustion of the Fund's appeal procedures.

Instead of exercising the beneficiaries' right to appeal to the Board of Trustees as required under the terms of the Plan and the law, Plaintiff is seeking an order that the Benefit Funds pay amounts they are not liable for, without a final determination by the Trustees ever having been made. Such an order would be in contravention of established precedent. *See Kennedy*, 989 F.2d at 594. Accordingly, Plaintiff's claim for benefits, even if presented as an ERISA claim, must be dismissed, or, in the alternative, stayed or remanded the Fund's Plan Administrator for exhaustion of the Fund's claims procedures. Finally, any claims Plaintiff alleges are supplemental state claims which nevertheless relate to the Fund's determination of benefit claims or administration of its plan must be dismissed as preempted by ERISA.

## Conclusion

For the forgoing reasons, the Fund respectfully requests that Plaintiff's Complaint be dismissed, or in the alternative, that adjudication of Plaintiff's complaint be stayed until Plaintiff-assignor has exhausted her administrative appeal rights.

Dated: September 8, 2009

                                            Respectfully Submitted,

                                            1199SEIU National Benefit Fund

                                            By: _____
                                            Suzanne A. Metzger (SM7894)
                                            Assistant General Counsel
                                            Legal Department
                                            330 West 42nd Street, 31st Floor
                                            New York, NY  10036
                                            (646) 473-6041 (phone)
                                            (646) 473-6049 (facsimile)

                                            Attorney for Defendants