UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ALEC J. MEGIBOW, M.D., as assignee of Jennie :
Rosario, a/k/a Jenny Rosario, 08 CV 519 NDNY, :   **ORDER GRANTING MOTION TO**
: **DISMISS**
                       Plaintiff, :
: 09 Civ. 6993 (AKH)
        -against- :
:
FRED HAGEN, Chief Benefits Officer, :
1199SEIU BENEFIT & PENSION FUNDS, as :
duly authorized designee of the BOARD OF :
TRUSTEES OF THE 1199SEIU BENEFIT FUND :
FOR HEALTH AND HUMAN SERVICE :
EMPLOYEES, :
:
                      Defendant. :
------------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiff Alec J. Megibow, M.D., brings this claim, as assignee of Jenny Rosario, against Defendant, Ms. Rosario's health plan provider, for failure to pay certain benefits. Defendant moves to dismiss the claim under Rules 12(b)(1), 12(b)(6), and 12(c) of the Federal Rules of Civil Procedure. Because Plaintiff has failed to exhaust the administrative remedies available under Defendant's plan, I grant Defendant's motion to dismiss under Rule 12(b)(6).[1]

       The facts Plaintiff alleges in his complaint are as follows. On June 2007, Jenny Rosario's pharmacy informed her that payment for a renewal of her prescription medication had been declined by her 1199SEIU Benefit & Pension Funds health plan because her benefits had been suspended. ¶ 3. She continued to require medical treatment and, "apparently bereft of medical insurance," assigned Plaintiff certain rights and benefits under her health plan in exchange for an advance of the funds necessary to obtain treatment. ¶ 7.

---

[1] Defendant's motion under Rule 12(b)(1) fails because, as explained below, exhaustion of administrative remedies is not a jurisdictional requirement. Its motion under 12(c) fails because the pleadings have not yet closed. See Fed. R. Civ. P. 12(c) ("After the pleadings are closed . . . a party may move for judgment on the pleadings.").

Plaintiff alleges that Defendant has failed to comply with an agreement between Ms. Rosario and the Fund. ¶¶ 9, 11. This agreement, attached as Exhibit A to the complaint, is apparently a settlement agreement under which Ms. Rosario agreed to terminate certain actions then pending against Defendant, and Defendant agreed to provide continuing health benefits in accordance with a payment schedule set out in the agreement. ¶ 1, Ex. A. Although Plaintiff styles this action as one for breach of the agreement between Defendant and Ms. Rosario, the paragraphs Defendant allegedly breached, which require Defendant to provide Ms. Rosario health benefits, make clear that the claim is actually one for unpaid benefits under § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), codified at 29 U.S.C. § 1132(a)(1)(B). ¶ 1, 9, Ex. A.

Defendant moves to dismiss the claim on the ground that Ms. Rosario and Dr. Megibow failed to exhaust the administrative remedies available under the plan. Because plaintiffs are required to exhaust administrative remedies in ERISA actions, and Plaintiff's complaint makes clear that neither he nor Ms. Rosario did so, I grant Defendant's motion.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

"[T]he federal courts—including this Circuit—have recognized a 'firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases." Paese v. Hartford Life Accident Ins., Co., 449 F.3d 435, 443 (2d Cir. 2006) (quoting Kennedy v. Empire Blue Cross & Blue Shield, 989 F.2d 588, 594 (2d Cir. 1993)). ERISA requires that all benefit plans provide for carrier review. 29 U.S.C. § 1133. Exhaustion of these administrative review procedures has a number of important purposes: (1) upholding "Congress' desire that ERISA trustees be responsible for their actions, not the federal courts," (2) providing "a sufficiently clear record of administrative action if litigation should

ensue," (3) assuring "that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not *de novo*," (4) reducing "the number of frivolous lawsuits under ERISA," (5) promoting "the consistent treatment of claims for benefits," (6) providing "a nonadversarial method of claims settlement," and (7) minimizing "the costs of claims settlement for all concerned." Kennedy, 989 F.2d at 594 (internal quotation marks omitted).

The Second Circuit, in Paese, clarified that non-exhaustion is an affirmative defense and does not deprive the federal courts of jurisdiction. 449 F.3d at 445-46. Although affirmative defenses are not generally appropriate grounds for dismissal on a 12(b)(6) motion, they can be raised when the defense is apparent from the face of the complaint. Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998) ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint.").

Moreover, district courts since Paese have continued to grant motions to dismiss ERISA claims where plaintiffs failed to adequately allege exhaustion. For example, in Kesselman v. Rawlings Co., LLC, Judge Jones noted that non-exhaustion is an affirmative defense, but granted the defendant's motion to dismiss because plaintiffs did not adequately plead exhaustion. --- F. Supp. 2d ---, 2009 WL 3805587, at *4 (S.D.N.Y. 2009). She noted that "it is well established that ERISA complaints containing bald assertions that administrative remedies have been exhausted do not withstand a 12(b)(6) motion." Id. Judge Schiendlin, in Egan v. Marsh & McLennan Cos., Inc., also noted that non-exhaustion is an affirmative defense, but granted the defendant's motion to dismiss because "[p]laintiff makes no allegations whatsoever that he exhausted any or all administrative remedies available to him . . . and the Court cannot find any allegation from which it can infer that he did so before filing suit." No. 07 Civ. 7134 (SAS), 2008 WL 24511, at *10 (S.D.N.Y. Jan. 30, 2008). Judge Daniels, in Stevenson v. Bank of New York Co., Inc., granted defendant's motion where "[p]laintiff never alleged that he made a formal

3

claim for benefits," and, though he alleged exhaustion, "the facts set forth in his complaint fail[ed] to support this contention." 06 Civ. 4268, 2009 WL 919442, at *5 (S.D.N.Y. March 26, 2009).

The exhaustion requirement may be excused where plaintiff makes "a clear and positive showing that pursuing available administrative remedies would be futile." Kennedy, 989 F.2d at 594. However, "[t]he threshold for this exception is high; a plaintiff should not be allowed to take advantage of the exception unless there is an unambiguous application for benefits and a formal or informal administrative decision denying benefits such that it is clear that seeking further administrative review of the decision would be futile." Patterson v. J.P. Morgan Chase & Co., No. 01 Civ. 7513 (JSM), 2002 WL 207123, at *3 (S.D.N.Y. Feb.11, 2002).

Here, it is apparent from the face of Dr. Megibow's complaint that neither he nor Ms. Rosario exhausted the administrative remedies available under Defendant's plan. The complaint does not allege that either party made any formal claim. It does not even mention any particular claims that Ms. Rosario has against the Fund, but simply asserts that the Fund owes benefits of at least $120,000. The opacity of the complaint demonstrates the importance of the exhaustion requirement in enabling the court to conduct an informed and appropriate review of Plaintiff's claims.

For the reasons stated above, I grant Defendant's motion to dismiss without prejudice to refiling after Plaintiff exhausts administrative remedies. The Clerk shall mark the motion (Doc. # 12) as terminated and the case as closed.

SO ORDERED.

Dated:  December 20, 2009
New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge

4